UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROSE MARIE WINSTON, )
)
Plaintiff, )
) Case No.: 2:14-cv-00253-RCJ-GWF
vs. )
) **ORDER**
MICHAEL MCGUIRE et al., )
)
Defendants. )

This Title VII case arises out of the termination of an employee, ostensibly for using a personal cell phone during work hours. Pending before the Court is a Motion to Dismiss (ECF No. 9). For the reasons given herein, the Court grants the motion, with leave to amend.

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff Rose Winston was employed as a telephone surveyor by non-party TPL Employment Services, Inc. ("TPL") from February 2012 until August 18, 2012, on which date a supervisor named Terry terminated her for talking on a personal cell phone during work hours. (*See* Charge of Disc., Oct. 22, 2012, ECF No. 1, at 4). Winston is a black female who was fifty-seven years old at the time of her termination, and at least one other employee who was a Filipino male in his thirties was not terminated after committing the same or similar offense. (*Id.*). Winston filed a Charge of Discrimination ("COD") against TPL with the Nevada Equal

Rights Commission on October 22, 2012, alleging race, sex, and age discrimination. (*See id.*). The Equal Employment Opportunity Commission sent Winston a right-to-sue letter ("RTS") on December 9, 2013. (*See* RTS, Dec. 9, 2013, ECF No. 1, at 5). In the meantime, TPL had gone out of business, but TPL's owner, president, and director, Defendant Michael McGuire ("M. McGuire"), had created Defendant McGuire Research Services, Inc. ("MRS") (of which he was also the owner, president, and director) to assume TPL's assets and liabilities as a successor corporation. (*See* Compl. 1–2, Feb. 17, 2014, ECF No. 1). Winston filed the present Complaint against McGuire and MRS, alleging successor liability for race and sex discrimination under Title VII and age discrimination under the Age Discrimination in Employment Act ("ADEA") within ninety days. (*See id.* 1–3). MRS has moved to dismiss.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.    ANALYSIS**

MRS argues that it has no successor liability because it is a distinct corporate entity from TPL. MRS itself notes that successor liability is an available theory. Specifically:

> In an employment discrimination action, there are three principal factors relating to successor liability:
>
> (1) continuity in operations and work force of the successor and predecessor employers;
>
> (2) notice to the successor employer of its predecessor's legal obligation; and
>
> (3) ability of the predecessor to provide adequate relief directly.

*Criswell v. Delta Airlines, Inc.*, 868 F.2d 1093, 1094 (9th Cir. 1989) (citing *Bates v. Pac. Mar. Ass'n*, 744 F.2d 705, 709–10 (9th Cir. 1984) (Kennedy, J.)). The first *Bates* factor depends upon continuity of the workforce and operations, not the continuity of the corporate structure. *Id.* at 1095 ("First, there was continuity in operations and the work force of the successor and predecessor employers. There was ample evidence that during the post-merger period in question, the former Western flight operations were not integrated into Delta operations. *Former Western personnel continued to fly former Western equipment on former Western routes*, while Delta's pre-merger operations continued substantially unchanged." (emphasis added)). MRS attaches the declaration of Victoria McGuire ("V. McGuire"), MRS's secretary, treasurer, and director, indicating that MRS did not acquire TPL's debts or liabilities and that there is no continuity of operations. But evidence is not to be considered at the dismissal stage, and even if the Court were to consider the declaration, it addresses the critical issues only in conclusory fashion, i.e., the names of TPL's and MRS's employees are not given, and the natures of TPL's

and MRS's operations are not described. (*See generally* V. McGuire Decl., Mar. 18, 2014, ECF No. 9-1, at 2). Although the first factor must be satisfied, because the focus of the *Bates* inquiry is on equity, the emphasis in the analysis is on the second and third factors:

> [T]wo factors [notice and ability to provide relief] are critical to the imposition of successor liability. The successor doctrine is derived from equitable principles, and it would be grossly unfair, except in the most exceptional circumstances, to impose successor liability on an innocent purchaser when the predecessor is fully capable of providing relief or when the successor did not have the opportunity to protect itself . . . .

*Id.* at 1094 (quoting *Musikiwamba v. Essi, Inc.*, 760 F.2d 740, 750 (7th Cir. 1985)) (alterations in original). If it is true, as alleged, that M. McGuire is the owner, president, and director of both TPL and MRS, notice could not be disputed, and if TPL is in fact defunct, as the parties appear to agree, it could not provide effective relief. At most then, there appears to be a question of continuity in operations and employees. In other words, does MRS perform substantially the same functions as TPL did, and with substantially the same employees? If so, there is probably successor liability here. Plaintiff's allegations that McGuire owned and controlled both companies and that MRS took over TPL's assets and obligations is sufficient under Rule 8(a) to allege successor liability. The factual inquiry identified, *supra*, cannot be adjudicated until at least the summary judgment stage.

      Next, Defendants argue that Plaintiff has not alleged a prima facie case of discrimination under either Title VII or ADEA, because both causes of action—at least where a plaintiff relies upon circumstantial rather than direct evidence of discrimination, as here—require an allegation that the plaintiff was performing her job satisfactorily. *See, e.g.*, *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (Title VII); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (ADEA). The Court agrees. In response, Plaintiff relies upon pre-*Twombly* case law in arguing the pleading standard. The Court will give Plaintiff leave to

amend.  The Complaint is sufficient with respect to the successor liability issue but not as to the satisfactory-performance elements of the claims.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 9) is GRANTED, with leave to amend.

IT IS SO ORDERED.

Dated this 17th day of April, 2014.

                                                               _____
                                                               ROBERT C. JONES
                                                             United States District Judge