UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROSE MARIE WINSTON,

        Plaintiff,

        vs.

MICHAEL MCGUIRE et al.,

        Defendants.

Case No.: 2:14-cv-00253-RCJ-GWF

**ORDER**

        This Title VII case arises out of the termination of an employee, ostensibly for using a personal cell phone during work hours. Pending before the Court is a Motion to Dismiss (ECF No. 17). For the reasons given herein, the Court grants the motion.

**I.    FACTS AND PROCEDURAL HISTORY**

        Plaintiff Rose Winston was employed as a telephone surveyor by non-party TPL Employment Services, Inc. ("TPL") from February 2012 until August 18, 2012, on which date a supervisor named Terry terminated her for talking on a personal cell phone during work hours. (*See* Charge of Disc., Oct. 22, 2012, ECF No. 1, at 4). Winston is a black female who was fifty-seven years old at the time of her termination, and at least one other employee who was a Filipino male in his thirties was not terminated after committing the same or similar offense. (*Id.*). Winston filed a Charge of Discrimination ("COD") against TPL with the Nevada Equal

Rights Commission on October 22, 2012, alleging race, sex, and age discrimination. (*See id.*). The Equal Employment Opportunity Commission sent Winston a right-to-sue letter ("RTS") on December 9, 2013. (*See* RTS, Dec. 9, 2013, ECF No. 1, at 5). In the meantime, TPL had gone out of business, but TPL's owner, president, and director, Defendant Michael McGuire ("M. McGuire"), had created Defendant McGuire Research Services, Inc. ("MRS") (of which he was also the owner, president, and director) to assume TPL's assets and liabilities as a successor corporation. (*See* Compl. 1–2, Feb. 17, 2014, ECF No. 1). Winston sued McGuire and MRS, alleging successor liability for race and sex discrimination under Title VII and age discrimination under the Age Discrimination in Employment Act ("ADEA") within ninety days. (*See id.* 1–3).

MRS moved to dismiss. The Court granted the motion, with leave to amend, finding that Plaintiff had not pled that she was performing her job satisfactorily, but that the Complaint was sufficient with respect to the successor liability issue. Plaintiff filed an Amended Complaint ("AC"). McGuire has moved to dismiss the AC.

**II.     LEGAL STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

McGuire argues that he is not an "employer" amenable to suit under Title VII.  The Court agrees. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (citing 42 U.S.C. § 2000e-5(g) (1988)) ("The liability scheme[] under Title VII . . . limit[s] civil liability to the employer.").  Only MRS is the employer in this case.  Moreover, Plaintiff has not timely responded, and failure to timely oppose a motion constitutes consent to its grant. *See* Local R. 7-2(d).

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 17) is GRANTED.

IT IS SO ORDERED.

Dated this 16th day of June, 2014.

_____
ROBERT C. JONES
United States District Judge